## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| PILOT ENERGY SOLUTIONS, L.L.C. | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 1:16-cv-00687-SS |
| OXY USA INC. | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND BRIEF IN SUPPORT

The Plaintiff moves, pursuant to Rule 12(f), Federal Rules of Civil Procedure, to strike certain affirmative defenses in paragraphs 60-62 of the Defendant's Answer (Dkt. No. 31, pg. 16) as insufficient.

In response to Pilot's complaint, Defendant moved, successfully, to dismiss Pilot's Complaint for a failure to make plausible allegations of patent infringement. (Dkt. Nos. 20 and 25). With an amended complaint now on file, Defendant has filed an answer asserting affirmative defenses that suffer from the very same flaws it bemoaned in its motion to dismiss. Defendant alleges defenses of (1) non-infringement, (2) invalidity, (3) unenforceability due to laches, waiver, estoppel and/or acquiescence, and (4) prior use. Tested against Defendant's own pleading standards, defenses two through four are insufficient and must be stricken. What is good for the goose is equally good for the gander.

### A. THE HEIGHTENED PLEADING STANDARDS SET OUT IN *TWOMBLY* AND *IQBAL* APPLY TO AFFIRMATIVE DEFENSES

The Federal Circuit holds that the law of the regional circuit governs on issues not unique to the Federal Circuit's jurisdiction.  See *Vermont v. MPHJ Technology Investments, LLC*, 803 F.3d 635, 647 (Fed. Cir. 2015).  Because affirmative defenses are not unique to patent cases, the Federal Circuit would look to the Fifth Circuit's law on how such defenses must be plead.

In *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999), the Fifth Circuit ruled that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint." Because the pleading standards of *Twombly* and *Iqbal* apply to complaints, *Woodfield* dictates that they be applied to affirmative defenses as well.  *See also, Tannerite Sports, LLC v. Jerent Enterprises, LLC*, 2016 WL 1737740 at *12-14 (D. Or. 2016)*; Moody v. Aqua Leisure International*, 2011 WL 2604840, at *3 (S.D. Tex. 2011) ("[T]he *Twombly* requirements also apply to affirmative defenses.") (citation omitted).  The majority rule in Texas appears to be that *Twombly and Iqbal* do apply to affirmative defenses.  *Reinforced Earth Co. v. T&B Structural Systems*, 2013 WL 10989994, at *5 (N.D. Tex. 2013).  The affirmative defenses plead by Defendant fall far short of this standard.

Defendant relied on *Tannerite Sports*, 2016 WL 1737740, in their Motion to Dismiss. Defendant apparently gave little attention to the section of that opinion discussing the pleading standard for affirmative defenses.  *Id.* at *12-15.  As one of the only cases interpreting the pleading standards as applied to affirmative defenses following the abrogation of Form 18, *Tannerite* is highly instructive.  In *Tannerite*, the court recognized affirmative defenses which were soundly supported throughout the defendant's pleadings, even if the affirmative defense was conclusory plead.  2016 WL 1737740, at *13.  However, the court declined to recognize the affirmative defenses which were conclusory plead when the pleadings as a whole failed to put

2

the plaintiff on notice of the nature of defendant's defenses and the grounds upon which they rested.  *Id.* at *13.  Defendant has no counterclaims by which to support their conclusory defenses, and Defendant's answer as a whole is void of factual support.

The Northern District of Texas has taken a similar "pleading as a whole" approach. *Reinforced Earth Co. v. T&B Structural Systems*, 2013 WL 10989994 (N.D. Tex. 2013).  The court in *T&B*, while acknowledging they were ruling against the majority rule in Texas, ruled that *Twombly* and *Iqbal* did not apply.  This decision was before the abrogation of Form 18, but is worth noting regardless.  The court allowed affirmative defenses to be plead merely by name, **so long as** the material in the answer was "sufficient to ensure that [the plaintiff] will not be the victim of unfair surprise." *Id.* at *7 (emphasis added).  T&B's answer "provid[ed] a significant amount of background material concerning its counterclaims and affirmative defenses."  *Id.*  Even before the shift to heightened patent pleading requirements, Texas courts were recognizing the need for sufficient details in affirmative defenses to put the plaintiff on notice.  Defendant has not even met this minimal standard that was in effect **before** the abrogation of Form 18.

Defendant has not alleged any counterclaims or plead sufficient facts elsewhere in their pleadings to adequately put Pilot on notice of their second, third, and fourth affirmative defenses and the grounds upon which they rest.  Heightened pleading standards apply to affirmative defenses for the same reasons they apply to complaints.  The pleading requirements for claims and affirmative defenses are the same because Rule 8(a)(2) and Rule 8(b) of the Federal Rules of Civil Procedure both require "short and plain" statements to support the complaint and answer. Additionally, it is costly and unnecessary to force plaintiffs to conduct discovery into unsubstantiated affirmative defenses.  *HCRI TRS Acquirer, LLC v. Iwer*, 708 F.Supp.2d 687, 691 (N.D. Ohio 2010) ("[T]he holdings of *Twombly* and *Iqbal* were designed to eliminate the

potential high costs of discovery associated with meritless claims."). "Boilerplate affirmative defenses that provide little or no factual support can have the same detrimental effect on the cost of litigation as poorly worded complaints." *Id.* (citation omitted).

### B. THE DEFENSE OF PATENT INVALIDITY IS INSUFFICIENTLY PLEAD

Defendant's second affirmative defense, patent invalidity, is set out in paragraph 60 of its answer. Paragraph 60 lists only three statutory citations, with no supporting facts of any kind. Defendant has merely listed code sections and has failed to provide any facts to support its affirmative defense of invalidity. Allegations of invalidity under 35 U.S.C. §§ 102, 103, and 112 must be proven by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. 91, 95 (2011). "A patent shall be presumed valid and the burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." *Id.* (citing 35 U.S.C. § 282 (2012)). Defendant has failed to put forth facts showing that each and every claim alleged in the Amended Complaint is invalid under 35 U.S.C. §§ 102, 103 and 112.

Defendant has admittedly failed to provide facts to meet this standard. Defendant admits in paragraphs 52 and 56 of its answer that they have not provided **any** factual support for the invalidity allegations, despite requests by Pilot to do so. (Oxy Answer, ¶¶ 52, 56). All that Defendant has offered here are the "labels and conclusions" that *Twombly* and *Iqbal* found to be insufficient under Rule 8.

In *Information Planning and Management Services Inc. v. Dollar General Corporation*, 2016 WL 69902, at *5 (E.D. Va. 2016), the court applied the principles of *Twombly* and *Iqbal* to the defense of invalidity. The *Information* court granted Plaintiff's Motion to Dismiss, finding that the affirmative defense of invalidity "lacked sufficient factual support." One of the allegations found insufficient in *Information* is virtually identical to paragraph 60 of the

4

Defendant's answer: "one or more of the claims of the . . . patent are invalid because they fail to meet the patentability requirements of Title 35, United States Code, including but not limited to 35 U.S.C. § 101, 102, 103 and/or 112." *Id.* at *3.

Just as in *Information*, paragraph 60 is limited to conclusory allegations without supporting facts. Paragraph 60 does not set out enough facts to establish a defense that is "plausible on its face." Paragraph 60 does not give Pilot "fair notice of the nature of the defense and the grounds upon which it rests." *Tannerite*, 2016 WL 1737740, at *12. Defendant has failed to offer facts that support or establish invalidity. Because the answer is entirely void of facts supporting Defendant's invalidity defense, Defendant's second affirmative defense must be stricken.

### C. THE DEFENSES OF LACHES, WAIVER, ESTOPPEL AND/OR ACQUIESCENCE ARE INSUFFICIENTLY PLEAD

Defendant's third affirmative defense alleges unenforceability due to laches, waiver, estoppel and/or acquiescence. Yet again, Defendant has not provided any supporting facts for these defenses, much less enough factual allegations to raise a right to relief above the speculative level. These affirmative defenses are plead in entirely conclusory fashion and are so vague and ambiguous that Pilot cannot reasonably prepare a response.

In *Moody v. Aqua Leisure International*, 2011 WL 2604840, at *3, the court held that Defendant's affirmative defense of laches, estoppel, and waiver failed to meet the *Twombly* standard. Defendant has plead no more than the defendant in *Moody*. *See id.* ("Defendants do not state any facts in support of these affirmative defenses in either that paragraph or any other section of their answer."). In *Moody*, the defendants put forth conclusory labels such as laches, estoppel, and waiver. *Id.* These conclusory allegations are simply not enough without no factual support for **why** Defendant has a right to these defenses.

To state a claim under estoppel, Defendant must put forth facts satisfying the following elements: (1) the patent owner, through misleading conduct, led the alleged infringer to reasonably infer that the patent owner did not intend to enforce its patent against the alleged infringer; (2) the alleged infringer relied on this conduct; and (3) due to the reliance, the alleged infringer will be materially prejudiced if the patent owner is allowed to proceed on its claim. *Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 776 (Fed. Cir. 1995) (citation omitted). Reliance is an "essential" factor to the defense of estoppel. *Id.* "To show reliance, the infringer must have had a relationship or communication with the plaintiff which lulls the infringer into a sense of security in going ahead with [its investments]." *Id.* Defendant has failed to allege any facts which show Pilot has engaged in misleading conduct that was relied on by Defendant. Furthermore, no facts are readily discernible from Defendant's answer which would support this defense.

Likewise, Defendant has not plead any facts which show Pilot has waived any and all rights to the '148 Patent. The elements of waiver are: (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Sirius Computer Solutions, Inc. v. Sparks*, 138 F.Supp.3d 821, 838 (W.D. Tex. 2015). Defendant has not shown any facts which demonstrate Pilot relinquished its right to the '148 Patent, or engaged in any intentional conduct inconsistent to their right in the Patent.

Defendant has failed to establish a laches defense. "Laches is an equitable defense for which the accused infringer must prove that: (1) the patentee's delay in bringing suit was unreasonable and inexcusable, and (2) the alleged infringer suffered material prejudice attributable to the delay." *Integrated Tech. Corp. v. Rudolph Techs., Inc.*, 734 F.3d 1352, 1361

(Fed. Cir. 2013) (citation omitted). "Laches is an inexcusable delay that results in prejudice to the defendant." *Abraham v. Alpha Chi* Omega, 708 F.3d 614 (5th Cir. 2013) (citation omitted). Absent some factual support describing what Pilot did and that the action taken was inexcusably delayed, Defendant has failed to provide adequate notice for the defense of laches. Defendant's third affirmative defense must be stricken.

### D. DEFENDANT HAS FAILED TO PROVIDE PROPER NOTICE FOR ITS PRIOR USE DEFENSE

A party asserting the prior use defense under 35 U.S.C. § 273 has the burden of establishing the defense by clear and convincing evidence. 35 U.S.C. § 273(b) (2012). Defendant must show that its use of the subject matter was continuous during the infringement period. 35 U.S.C. § 273(e)(4) (2012). The prior use defense fails if the prior user cannot establish its use more than a year before the applicant filed or the user cannot prove use more than a year before the patent applicant first discloses its invention publicly, prior to filing. 35 U.S.C. §273(a)(2)(A)-(B) (2012). Defendant has alleged no facts showing who used the claimed invention, what exactly was used, how it was used, and how long it was used. Therefore, Defendant's fourth affirmative defense must be stricken.

### CONCLUSION

In words of their own, Defendant's affirmative defenses are "utterly lacking in substance." (Dkt. No. 20 at 5). Plaintiff's Motion to Strike should accordingly be granted.

Respectfully submitted,

\_/s/Lawrence F. Grable_____
Lawrence F. Grable, Texas State Bar No. 24085915
Gary S. Peterson, OK Bar Assoc. No. 7068, *pro hac vice*
TOMLINSON RUST McKINSTRY GRABLE
Two Leadership Square, Suite 450
211 N Robinson Avenue
Oklahoma City, Oklahoma 73102
(405) 606-3350 phone
(866) 633-6165 fax
lawrenceg@trmglaw.com
garyp@trmglaw.com

and

Robert D. Tomlinson, Texas State Bar No. 24084925
TOMLINSON RUST McKINSTRY GRABLE
318 Ridgewood
Austin, Texas 78746
(405) 606-3350 phone
(866) 633-6165 fax
bobt@trmglaw.com

ATTORNEYS FOR PLAINTIFF,
PILOT ENERGY SOLUTIONS, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October, 2016, I served a true and correct copy of the foregoing via CM/ECF to the following counsel of record:

Michael D. Marin, State Bar No. 00791174
Meg K. Rein, State Bar No. 24065562
BOULETTE GOLDEN & MARIN L.L.P.
2801 Via Fortuna, Suite 530
Austin, Texas 78746
(512) 732-8900—Telephone
(512) 732-8905—Facsimile
mmarin@boulettegolden.com
meg.rein@gmail.com

and

Benoit Quarmby, *pro hac vice*
Sara Margolis, *pro hac vice*
MOLO LAMKEN LLP
430 Park Avenue
New York, NY 10022
(212) 607-8160—Telephone
(212) 607-8161—Facsimile
bquarmby@mololamken.com
smargolis@mololamken.com

and

Justin Weiner, *pro hac vice*
MOLO LAMKEN LLP
300 N. LaSalle Street
Chicago, IL 60654
(312) 450-6700—Telephone
(312) 450-6701—Facsimile
jweiner@mololamken.com

ATTORNEYS FOR DEFENDANT,
OXY USA, INC.

               /s/Lawrence F. Grable_____
               LAWRENCE F. GRABLE